IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Baltimore Division)

| | |
|---|---|
| ONEWEST BANK, FSB<br>888 East Walnut Street<br>Pasadena, California 91101<br><br>   Plaintiff<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>  **Serve On:** Attorney General Eric E. Holder<br>           Main Justice Building<br>           10th and Constitution Avenue, NW<br>           Washington, DC 20530<br><br>           Rod J. Rosenstein, U.S. Attorney<br>           36 S. Charles Street, 4th Floor<br>           Baltimore, Maryland 21201 | Civil Action No.: 14-2891<br><br>**This action involves real property located at:**<br>3108 Susanne Court<br>Owings Mills, Maryland 21117 |

## COMPLAINT

The Plaintiff, OneWest Bank, FSB, by and through its undersigned counsel, and pursuant to Federal Rule of Civil Procedure 3, sues the Defendant, the United States of America, Department of Justice, and says:

### Statement of the Case

The Plaintiff seeks lien priority over the criminal restitution lien of the Defendant on real property located at 3108 Susanne Court, Owings Mills, Maryland 21117 (the "Property"). Though the Defendant's lien was created and recorded first, the Plaintiff claims lien priority by virtue of equitable subrogation, and estoppel.

### Parties and Jurisdiction

1. The Plaintiff is a federally chartered savings and loan association, regulated by the United States Treasury Department's Office of the Comptroller of Currency. The Plaintiff has its principle offices in Southern California. The Plaintiff is the beneficiary of a recorded lien encumbering 3108 Susanne Court, Owings Mills, Maryland 21117.

2. The Defendant is the Department of Justice of the United States of America. The Department of Justice is a division of the Executive Branch of the Federal government. The Defendant is the holder of a recorded judgment lien encumbering 3108 Susanne Court, Owings Mills, Maryland 21117.

3. The Property encumbered by the parties' liens is located at 3108 Susanne Court, Owings Mills, Maryland 21117, which is within Baltimore County, in the State of Maryland.

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. §1346.

5. Venue in this Court is proper pursuant to 28 U.S.C. §1391.

## Facts

6. Kent E. Baklor and Diane R. Baklor took title to the Property on October 15, 1996. Upon information it remains the principal residence for one or both of them.

7. On January 4, 2002, Mr. Baklor was found guilty of a single count of aiding and abetting bank fraud by Judge Catherine C. Blake, of the U.S. District Court for the District of Maryland. Mr. Baklor was sentenced to 21 months of imprisonment, fined $100, and ordered to pay restitution to National Mortgage Warehouse and Sovereign Bank in the amounts of $4,894.960.00 and $1,529, 032.62, respectively. A copy of the judgment is attached as Exhibit A.

8. That judgment was subsequently indexed in the aggregate amount of $6,423,992.62 as a federal tax lien in Baltimore County Circuit Court (the "Tax Lien"). A copy of the Tax Lien is attached as Exhibit B.

9. On January 6, 2005, the Baklors borrowed $862,500.00 from Washington Mutual Bank, FA. This loan was secured to the Property by a Deed of Trust (the "WaMu DOT") recorded among the Land Records for Baltimore County on February 1, 2005, at Liber 21353, folio 294. A copy of the WaMu DOT is attached hereto as Exhibit C.

10. On January 18, 2005, the Defendant subordinated the Tax Lien to the WaMu DOT. A Subordination Agreement and was recorded among the Land Records for Baltimore County On February 1, 2005, at Liber 21353, folio 317. A copy is attached as Exhibit D.

11. On December 13, 2006, the Baklors borrowed $888,200.00 from American Lending Corporation. The loan was secured by a Deed of Trust (the "ALC DOT") against the Property. The ALC DOT was recorded among the Land Records for Baltimore County on February 23, 2007, at Liber 25248, folio 192. A copy is attached as Exhibit E.

12. Upon information and belief, the United States agreed to subordinate the Tax Lien to the ALC DOT, as it had done in the past for the WaMu DOT.

13. On December 13, 2006, American Lending Corporation also assigned "all its right, title and beneficial interest" under the ALC DOT to Mortgage Electronic Registration Systems, Inc. ("MERS"). The assignment was also recorded among the Land Records for Baltimore County on February 23, 2007, at Liber 25248, folio 206. A copy is attached as Exhibit F.

14. Of the $888,200.00 loaned by American Lending Corporation, $879,471.87 was used to extinguish the indebtedness owed under the WaMu DOT. A copy of the disbursement letter to Washington Mutual is attached as Exhibit G.

15. The WaMu DOT was released on December 21, 2006. The release was recorded among the Land Records for Baltimore County on January 11, 2007, at Liber 25052, folio 499. A copy is attached as Exhibit H.

16. On February 15, 2012, MERS assigned "all beneficial interest" under the ALC DOT to the Plaintiff. The assignment was recorded among the Land Records for Baltimore County on October 18, 2012, at Liber 32685, folio 336. A copy is attached as Exhibit I.

### Count One—Declaratory Judgment

17. The Plaintiff incorporates all prior paragraphs by reference.

18. The Plaintiff and the Defendant both have recorded liens against the Property.

19. The Plaintiff and the Defendant both claim lien priority over the other. Those claims are mutually antagonistic.

20. An actual justiciable controversy, as that term is used in 28 U.S.C. §2201(a), exists between the parties which can only be resolved by the declaration of this Court.

21. The Plaintiff is entitled to a declaration of lien priority over the Tax Lien by operation of equitable subrogation, as follows:

    a. The Plaintiff's predecessor-in-interest loaned the Baklors $888,200.00 pay off and extinguish the indebtedness represented by the WaMu DOT.

    b. Of the $888,200.00 loaned by American Lending Corporation, $879,471.87 was used to extinguish the indebtedness owed under the WaMu DOT.

    c. The WaMu DOT was actually released.

    d. The Baklors benefited from the release of the WaMu DOT.

    e. The Plaintiff is equitably subrogated to the position of the WaMu DOT in the amount of $879,471.87, as a matter of law.

    f. The Plaintiff is entitled to priority over the Defendant's lien interest to the extent of $879,471.87.

    g. Equitably subrogating the Plaintiff to the lien position occupied by the WaMu DOT will put any intervening lien holders in the same position as if the Plaintiff had not extinguished the WaMu DOT.

22. Alternately, the Plaintiff is entitled to lien priority for the Defendant's promise to subordinate to the ALC DOT, as follows:

    a. The Defendant made a clear and definite promise to subordinate the Tax Lien, as it had done previously, to the ALC DOT.

    b. The Defendant reasonably expected its promise would induce action by the Plaintiff's predecessor-in-interest.

    c. The Plaintiff's predecessor-in-interest reasonably relied on the Defendant's promise, and was induced to loan the Baklors $888,200.00.

    d. Without enforcing the Defendant's promise, the Plaintiff will be irreparably harmed by being in a junior lien position to the Defendant's lien, which is easily four times greater than the value of the Property.

4

    e.    The resulting detriment can only be avoided by enforcing the Defendant's promise.

    f.    Equity demands that the Defendant be estopped from denying the promise, and its continued refusal to act according to the promise.

23. The Plaintiff is entitled to a declaration by this Court that its lien is superior to the Tax Lien, in whole or in part, by operation of equitable subrogation or equitable estoppel.

WHEREFORE, the Plaintiff requests this Court enter an Order:

    A.    Granting judgment in favor of the Plaintiff and against the Defendant; and

    B.    Declaring, decreeing, and adjudging that the Plaintiff's lien is in a superior lien position relative to the Defendant's Tax Lien by operation of equitable subrogation to the extent of its payoff of the prior WaMu DOT; or

    C.    Declaring, decreeing, and adjudging that the Defendant is estopped from claiming lien superiority over the Plaintiff's lien; and

    D.    Granting such further relief as the Plaintiff's cause may require.

/s/
Thomas C. Valkenet #03968
Ian T. Valkenet #30112
Young & Valkenet
600 Wyndhurst Avenue, Suite 230
Baltimore, Maryland 21210
(410) 323-0900
TCV@youngandvalkenet.com
ITV@youngandvalkenet.com

Attorneys for the Plaintiff, OneWest Bank, FSB